IN THE MATTER OF THE APPLICATION OF THE COUNTY OF MONMOUTH, PLAINTIFF-APPELLANT, v. TO FIX THE COMPENSATION TO BE PAID FOR THE PROPERTY OF SNYDER-WESTERLIND CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, *ET AL.*, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued November 9, 1977—Decided February 1, 1978.

Before Judges LYNCH, BISCHOFF and KOLE.

*Mr. John M. Pillsbury,* Special Counsel to the County of Monmouth, argued the cause for appellant.

*Mr. Dennis J. Drasco* argued the cause for respondent Snyder-Westerlind Corp. (*Messrs. Lum, Biunno & Tompkins,* attorneys; *Mr. Joseph R. McMahon,* of counsel).

The opinion of the court was delivered by
LYNCH, P. J. A. D. This is an appeal by the Board of Freeholders of Monmouth County (hereafter "county") from an order of the Law Division enforcing a settlement agreement in a condemnation case. The agreement was effected by a resolution of the board of freeholders at a special meet-

ing[1] on January 3, 1977. However, on February 1, 1977, after a change in the board's personnel, a resolution rescinding that of January 3 was adopted. Thereupon the property owner, Snyder-Westerlind Corporation, filed its motion to enforce the settlement resulting in the order from which this appeal is taken.

On appeal the county contends that the settlement resolution of January 3 was unenforceable because it was passed at a meeting which did not comply with the Open Public Meetings Act, *N. J. S. A.* 10:4–6 *et seq.* (hereafter "Sunshine Law"), particularly *N. J. S. A.* 10:4–9 and *N. J. S. A.* 10:4–8,(d) concerning the requirement of adequate notice of the meeting.

*N. J. S. A.* 10:4–9(a) provides that no public body shall hold a meeting unless "adequate notice" is given. "Adequate notice" is defined in *N. J. S. A.* 10:4–8(d) (hereafter § 8(d)):

"Adequate notice" means written advance notice of at least 48 hours, giving the time, date, location and, *to the extent known, the agenda* of any regular, special or rescheduled meeting, which notice shall accurately state whether formal action may or may not be taken and which shall be (1) prominently posted in at least one public place reserved for such or similar announcements, (2) mailed, telephoned, telegrammed, or hand-delivered to at least two newspapers which newspapers shall be designated by the public body to receive such notices because they have the greatest likelihood of informing the public within the area of jurisdiction of the public body of such meetings \* \* \*. [Emphasis added]

---

[1] At the outset, we note that the meeting herein was not a "regular" meeting, for which annual notice must be provided pursuant to *N. J. S. A.* 10:4–18. *N. J. S. A.* 10:4–8(d) declares that once annual notice is given for such meetings under *N. J. S. A.* 10:4–18— which only requires that the annual notice provide "the location of each meeting to the extent it is known, and the time and date of each meeting"—no further notice is required. Compare *Orifasi v. Oakland,* 156 *N. J. Super.* 182 (App. Div. 1978), involving a regular meeting, decided this day.

Neither the 48-hour time element nor the procedure of publication is in issue here. The sole issue relates to the content of the notice insofar as it purports to state the agenda of the meeting. It merely stated: "The purpose of this meeting is for the Board to meet with Mr. J. McMahon, attorney." It is a fact that McMahon was the attorney for Snyder-Westerlind Corporation, the owner of the condemned property.

The condemnation case had been tried from October 25 to November 4, 1976 and resulted in a jury verdict fixing the compensation at $1,093,000. Judgment was entered November 30, 1976. The judgment provided for payment of interest at the rate of 8% on the amount unpaid ($466,000) at the time of the entry of judgment. The settlement effected at the January 3 special meeting concerned the payment of this interest and provided that interest was to be paid only through November 30, 1976 and was waived thereafter. It was also conditioned on "receipt of $194,000 from Green Acres and that the balance would be funded without bonding either by revenue sharing or general funds."

At the meeting of January 3 the director of the board asserted that everyone would have to know why the board was meeting with McMahon and that "we would be less than naive if we didn't know." Of course, whatever knowledge the director or other board members may have had concerning the purpose of the meeting, such does not satisfy the statutory requirement that the *public* be provided with that knowledge prior to the meeting. *N. J. S. A.* 10:4–9(a).

Section 8(d) provides that the notice "shall accurately state whether formal action may or may not be taken" at the meeting. Merely stating that there would be a meeting with Mr. McMahon falls far short of advising of such action or lack of action.

Section 8(d) also provides that the notice shall contain "to the extent known, the agenda" of the meeting. The minutes of the January 3 meeting reveal that the meeting was called expressly to discuss settlement of the case. Therefore

the purpose of the meeting was "known." Settlement was discussed in considerable depth after a detailed presentation by the property owner's attorney (an associate of McMahon, who was not present).

Respondent property owner contends that even if the notice did not comply with the statute, the resolution of January 3 was not voidable because of a provision in *N. J. S. A.* 10:4–15(a). That provision reads:

> \* \* \* and provided further that any action for which advance published notice of at least 48 hours is provided as required by law shall not be voidable solely for failure to conform with any notice required in this act.

That clause will hereafter be called the "last proviso clause."

Respondent quotes from the Law Division opinion in *Jones v. East Windsor Reg. Bd. of Ed.,* 143 *N. J. Super.* 182 (1976), where the judge gave his interpretation of that clause as follows:

> It seems to the court that § 10(a) [*N. J. S. A.* 10:4–15(a)] refers to situations where proper notice has been given at least 48 hours before the announced meeting and may not have contained the entire agenda or any agenda at all, but simply a notice of the meeting. [143 *N. J. Super.* at 190]

That language, says respondent, fits the instant situation where it is claimed the agenda contained in the notice was insufficient.

In the first place the language quoted from *Jones* is taken out of context. The judge there held that the "last proviso clause" could not nullify the clear statutory requirement of "adequate notice." Second, the inadequacy in that case had nothing to do with an insufficient agenda. The court held that the notice there was inadequate because it was not published in two newspapers 48 hours before the meeting, as the court held was required. In any event, we disagree with the judge's hypothetical speculation in *Jones* that the "last proviso clause" was intended to apply to a situation where

the published agenda was inadequate. The "last proviso clause" in *N. J. S. A.* 10:4–15(a) did not appear in the original bill of the proposed Sunshine Law introduced in the Assembly on January 28, 1974 (A. 1030). Nor did it appear in the first official reprint of the proposed act. It first appeared in the second official copy reprint where it was accompanied by the following explanatory statement:

Section 10 also provides that an action such as adoption of an ordinance where there has been advance published notice of at least 48 hours shall not be voidable solely for failure to conform with notice requirements of the Act.

Thus it is obvious that the purpose of the clause was to avoid duplication of notice in instances such as the adoption of ordinances which, by their own procedure, require published notice before consideration.

Lastly, to construe the "last proviso clause" of § 15(a) as respondent contends would totally nullify the requirements of "adequate notice." In essence the argument of respondent amounts to this: even though the act requires "adequate notice," if it is not provided, it makes no difference and a meeting without such notice is nevertheless valid. This interpretation of the clause is unwarranted. As noted previously, the Legislature obviously intended that the actions of public bodies shall be preceded by adequate notice. *N. J. S. A.* 10:4–9(a). "Adequate notice" under § 8(d) requires publication of, among other things, the agenda, to the extent known, and "whether formal action may or may not be taken * * *." It is inconsistent with the legislative history of the "last proviso clause" of § 15(a), as well as the purposes for which the Sunshine Law was enacted, see *Polillo v. Deane,* 74 *N. J.* 562 (1977), to hold that the last proviso clause renders superfluous this important prerequisite for public action. In construing the terms of a statute, primary regard must be given to the fundamental purpose for which the statute was enacted. *N. J. Builders, Owners and Managers Ass'n v. Blair,* 60 *N. J.* 330, 338 (1972). The

.construction of the Sunshine Law which respondent urges, would, in practical effect, permit the purpose of the statute to be circumvented by public bodies. Such a construction is simply impermissible. *Grogan v. DeSapio,* 19 *N. J. Super.* 469, 477 (Law Div. 1952), aff'd 11 *N. J.* 308 (1953).

For the foregoing reasons we hold that the meeting of January 3 was held in violation of the Sunshine Law. The resolution of settlement adopted at that meeting is set aside and the judgment of the Law Division is reversed.