176 N.J. Super. 78 (1980)
422 A.2d 112
JOSEPH WORTS AND VIRGINIA WORTS, HIS WIFE, PLAINTIFFS,
v.
MAYOR AND COUNCIL OF UPPER TOWNSHIP; ROBERT HASSIEPEN, BUILDING INSPECTOR OF UPPER TOWNSHIP, AND MAURICH J. RIORDAN, DEFENDANTS.
Superior Court of New Jersey, Chancery Division Cape May County.
Decided August 12, 1980.
*79 John R. Bennie, for plaintiffs.
James A. Waldron, for defendants Mayor and Council of Township of Upper, and for Robert Hassiepen, Building Inspector.
*80 Ronald L. Taht, for defendant Riordan.
HAINES, J.S.C.
On March 3, 1980 the Upper Township Council held a special meeting at which it approved the application of defendant Riordan for the transfer of a liquor license to a new location. On February 29, 1980 the township, in an attempted effort to comply with the notice requirements of the Open Public Meetings Act, N.J.S.A. 10:4-8, filed a notice of the special meeting in the office of the township clerk, posted a copy on the bulletin board in the township hall and sent copies of the notice to four newspapers for publication. The publication schedules of the newspapers were: two published on Thursdays; one on Mondays, Wednesdays and Fridays, and one daily. March 3, 1980 was a Monday. The notice was not published by any of the newspapers prior to the meeting. This action challenged the validity of the transfer of the liquor license.
The facts relating to publication of the notice were stipulated at the commencement of trial and plaintiffs moved for judgment. They argued that there was a failure to comply with the publication requirements of the Open Public Meetings Act, making the transfer ineffective. After argument the motion was granted. This opinion memorializes the decision which addressed problems under the act not previously resolved.
Section 7 of the act declares that it is "... the public policy of this State to insure the right of its citizens to have adequate advance notice of and the right to attend all meetings of public bodies at which any business affecting the public is discussed or acted upon ..." Section 8 of the act defines "adequate notice" to mean:
... written advance notice of at least 48 hours, giving the time, date, location and, to the extent known, the agenda of any regular, special, or re-scheduled meeting, which notice shall accurately state whether formal action may or may not be taken and which shall be ... mailed, telephoned, telegrammed or hand-delivered to at least two newspapers, which newspapers shall be designated by the public body to receive such notices because they have the greatest likelihood of informing the public within the area of jurisdiction of the public body of such meetings ...
*81 Initially plaintiffs argued that this statutory language requires actual publication of the notice, relying upon Jones v. East Windsor, 143 N.J. Super. 182 (Law Div. 1976), app. dism. 158 N.J. Super. 496 (App.Div. 1977), which held (at 190) that "when the Legislature says at least 48 hours notice that means the notice should be published 48 hours before the meeting-not delivered to some area of publication 48 hours before the meeting." It therefore clearly supported the proposition. However, an opposite conclusion was reached in Houman v. Pompton Lakes, 155 N.J. Super. 129 (Law Div. 1977), in which the "adequate notice" provision was interpreted (at 167) as "requiring a public body to post and merely transmit to the appropriate newspapers a notice at least 48 hours prior to the meeting." Houman supported this conclusion on three grounds: (1) logic: a public body which has given 48 hours' advance notice to the newspapers has made all reasonable effort to notify the public and should not be penalized because a newspaper over which it has no control has failed to publish; (2) legislative history: the statement which accompanied the act said that "normally, 48 hours advance notice must be ... provided to two newspapers. Publication of legal notice is not required"; (3) administrative interpretation: the Guidelines on the Open Public Meetings Law, published by the New Jersey Department of State, advised that the law does not require notice to be published. The reasoning of Houman is persuasive and, contrary to Jones, supported by logical analysis. I conclude that actual publication is not required. Nevertheless, the township's publication arrangements were still not sufficient to meet the requirements of the act.
It is apparent from the publishing schedules of the four newspapers to which notices were sent that only one, the daily paper, could have published the notice 48 hours before the scheduled meeting of March 3. One other paper could have published the notice on the day of the meeting; it could not have been published by the remaining two papers until three days after the meeting. When a public body sends meeting *82 notices to newspapers for publication and, to the actual or readily ascertainable knowledge of that body, those newspapers cannot publish the notice at least 48 hours in advance of the meeting, there is no compliance with the Open Public Meetings Act. Logic demands this conclusion: were the opposite true, the purpose of the law would be circumvented easily. The legislative intent reflected in the act requires this interpretation. N.J.S.A. 10:4-8 d provides that public bodies must designate newspapers for the publication of notices which have "the greatest likelihood of informing the public within the area of jurisdiction of the public body of such meetings ..." Further, in the language of Houman (at 167), it is expected that "all reasonable effort to notify the public" will be made. The minimum notice to which the public is entitled is set forth in section 8 of the act, which requires "written advance notice of at least 48 hours." Thus, it is only when a public body has given 48 hours' advance notice to newspapers capable of timely publication that it can be concluded that all reasonable effort has been made. It is therefore the obligation of every public body affected by the act, when preparing calendars and sending notices of meetings, to fix dates, except in emergent circumstances, which permit the required notice to be given, having in mind newspaper publication dates, and to use only those newspapers for notice purposes which have the ability to publish notices at least 48 hours in advance of meeting dates. These obligations were not met by the Upper Township Council.[1]
The defense, arguing against this interpretation of the act, pointed to the problems it will cause in areas of the State which *83 enjoy only the weekly publication of newspapers. That problem, however, is not insurmountable. The importance of providing adequate opportunity for citizen participation in public affairs requires those charged with conducting such affairs to accommodate the public need for notice of meetings and to structure them accordingly. Notice is not necessary when a genuine emergency requires immediate resolution. N.J.S.A. 10:4-9.
The township also argues that its advertised notice of the transfer application, as required by Division of Alcoholic Beverage Control regulations, was sufficient compliance with the Open Public Meetings Act. It relies upon the "last proviso clause" of N.J.S.A. 10:4-15(a), which, after authorizing actions to set aside proceedings not conforming to the requirements of the act, says that "any action for which advance published notice of at least 48 hours is provided as required by law shall not be voidable solely for failure to conform with any notice required in this Act." Read literally, this language supports the township's position. However, statutes are to be read sensibly, not literally. N.J. Builders, etc., Ass'n v. Blair, 60 N.J. 330 (1972). The clause was interpreted in In re Application of Monmouth Cty., 156 N.J. Super. 188 (App.Div. 1978), certif. den. 77 N.J. 473 (1978):
... [The clause] first appeared in the second official copy reprint where it was accompanied by the following explanatory statement:
Section 10 also provides that an action such as adoption of an ordinance where there has been advance published notice of at least 48 hours shall not be voidable solely for failure to conform with notice requirements of the Act.
Thus it is obvious that the purpose of the clause was to avoid duplication of notice in instances such as the adoption of ordinances which, by their own procedure, require published notice before consideration.
Lastly, to construe the "last proviso clause" of § 15(a) as respondent contends would totally nullify the requirements of "adequate notice." [at 193]
It was conceded that the published notice did not contain any information as to the time, place or purpose of the meeting at which the transfer was approved by council. Consequently, it was not the kind of notice referred to in the "last proviso clause." It was unlike the notice customarily annexed to publications *84 of ordinances which sets forth the time, place and purpose of the meeting at which further action on the ordinance is expected.
All of the township's arguments therefore failed. The action of its council in transferring the Riordan liquor license was made without compliance with the notice requirement of the Open Public Meetings Act, N.J.S.A. 10:4-8, and is not effective.
NOTES
[1] The notice sent to the one newspaper which could have met the statutory deadline may have been inadequate. It is not clear from the facts whether that notice was mailed or hand-delivered. Mailed, the notice would have had to reach the newspaper on Saturday, March 1, the day after it was mailed, and would have had to be published on or before 8 p.m. of that same day in order to meet the 48-hour requirement. It seems unlikely that this time schedule could have been met, as it was not. Public bodies are expected to be aware of time requirements for mail delivery and publication, and to provide for them accordingly.