**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2661-21

WILLIAM N. SOSIS,

    Plaintiff-Appellant,

v.

TOWNSHIP OF MANSFIELD
COMMITTEE and DENA
HREBENAK, in her official
capacity as Township Clerk for
the TOWNSHIP OF MANSFIELD,

    Defendants-Respondents.

_____

Submitted November 13, 2023 – Decided January 18, 2024

Before Judges Gilson, Berdote Byrne, and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Warren County, Docket No. L-0298-21.

William N. Sosis, appellant pro se.

Florio Perrucci Steinhardt Cappelli Tipton & Taylor, LLC, attorneys for respondents (Liam B. McManus, on the brief).

PER CURIAM

William Sosis filed a complaint alleging that defendants, the Committee and Clerk of the Township of Mansfield, violated the Open Public Meetings Act (the OPMA), N.J.S.A. 10:4-6 to -21, by failing to timely publish the dates for meetings, meeting agendas, meeting minutes, and changes to whether meetings would be remotely accessible. Plaintiff sought a declaratory judgment and an injunction requiring defendants to comply with the OPMA in the future.

The trial court entered an order granting summary judgment to defendants and dismissing plaintiff's complaint with prejudice. Plaintiff appeals from that order. Because the undisputed material facts establish that defendants did not engage in a pattern of OPMA violations and no injunction was warranted, we affirm.

I.

We discern the material facts from the record and view them in the light most favorable to plaintiff, the non-moving party. See Memudu v. Gonzalez, 475 N.J. Super. 15, 18-19 (App. Div. 2023). In doing so, we note that the material facts are not in dispute; rather, the parties differ in how they characterize those undisputed facts.

The Township of Mansfield (the Township) is a public body subject to the OPMA. On January 1, 2020, the Township Committee (the Committee) held its annual reorganization meeting. On February 7, 2020, Dena Hrebenak, the Township Clerk (the Clerk), sent the Committee's 2020 meeting schedule to NJ Advance Media for publication. The Star-Gazette published the Committee's 2020 meeting schedule on February 21, 2020.

In mid-March 2020, the Township released statements encouraging social distancing and announced that its offices were closed to the public because of the COVID-19 pandemic. At about the same time, the Governor declared a public health emergency because of the COVID-19 pandemic. Exec. Order No. 103 (Mar. 9, 2020), 52 N.J.R. 549(a) (Apr. 6, 2020). Shortly thereafter, the Legislature enacted, and the Governor signed, a law stating that public bodies could satisfy the OPMA through virtual meetings during public emergencies. L. 2020, c. 11, § 1 (codified at N.J.S.A. 10:4-9.3).

Several months later, in September 2020, the New Jersey Department of Community Affairs (DCA) issued rules governing local bodies' use of remote meetings during a public emergency. 52 N.J.R. 1943(a) (Oct. 19, 2020). The DCA rules concerning remote public meetings remained in effect until January 1, 2022. See Exec. Order No. 127 ¶ 1(f) (Apr. 14, 2020), 52 N.J.R. 969(a) (May

4, 2020); Exec. Order No. 275 ¶ 6 (Nov. 23, 2021), 53 N.J.R. 2106(a) (Dec. 20, 2021); see also N.J.S.A. 26:13-32 to -36.

Beginning on March 25, 2020, the Committee conducted its meetings by video conference using Zoom. The Committee continued conducting meetings remotely or using a hybrid remote and in-person format for the rest of 2020.

On January 1, 2021, the Committee held its annual reorganization meeting. Three days later, on January 4, 2021, the Clerk contacted NJ Advance Media to publish several items, including the Committee's meeting schedule for 2021. On January 14, 2021, the New Jersey edition of The Express-Times published a copy of the Committee's resolution establishing its 2021 meeting dates. The resolution included a meeting to be held on July 14, 2021, at 7:30 p.m. at the Township's municipal building. The resolution did not discuss whether meetings would be conducted remotely.

From January through June 2021, the Committee conducted its meetings either remotely or using a hybrid remote and in-person format. The meeting conducted on June 23, 2021, allowed for remote access. In that regard, the details of how to attend remotely were posted on the Township's website on the day of the meeting. The next Committee meeting was scheduled for July 14, 2021.

A-2661-21

At approximately 12:35 p.m. on July 14, 2021, plaintiff emailed members of the Committee, stating that the required agenda for the meeting had not yet been posted. According to plaintiff, the agenda was posted approximately ten minutes later. The July 14, 2021, Committee meeting did not provide for remote access; instead, it was conducted in person at the Township's municipal building. Thereafter, Committee meetings were conducted in person without remote access. The record does not indicate that either the Committee or the Clerk formally announced that meetings on or after July 14, 2021, would no longer be remotely accessible. In that regard, the Committee minutes for the July 14, 2021, meeting did not discuss the issue of remote access for future Committee meetings.

On July 30, 2021, plaintiff filed a complaint against defendants, alleging four violations of the OPMA. In count one, plaintiff asserted that defendants had failed to timely post or publish schedules of regular meetings for 2020 and 2021 in accordance with N.J.S.A. 10:4-18. In count two, plaintiff contended that defendants failed to make meeting minutes "promptly available" in accordance with N.J.S.A. 10:4-14. Specifically, plaintiff contended that minutes were posted four or more weeks after a meeting. In count three, plaintiff alleged that defendants failed or refused to timely post meeting agendas within forty-

eight hours of the meeting in accordance with N.J.S.A. 10:4-9. Finally, in count four, plaintiff contended that defendants failed or refused to revise the meeting schedule in accordance with N.J.S.A. 10:4-18, particularly with regard to the July 14, 2021, meeting. Plaintiff sought three forms of relief: (1) a declaratory judgment pronouncing defendants' actions unlawful; (2) an injunction requiring defendants to comply with the OPMA; and (3) an award of costs of suit.

Defendants filed an answer with affirmative defenses. The parties then conducted and completed discovery. Thereafter, defendants moved for summary judgment. The trial court heard argument and, on May 3, 2022, issued a written opinion and order granting summary judgment to defendants and dismissing plaintiff's complaint with prejudice. Plaintiff now appeals from that order.

## II.

On appeal, plaintiff makes five main arguments. In three of his arguments, plaintiff contends that the trial court erred in granting summary judgment to defendants, arguing that the law and facts do not support summary judgment. In another argument, plaintiff urges us to adopt a rule establishing that public bodies violate the OPMA when they have "actual or readily ascertainable" knowledge that notice cannot be timely published. Finally,

6

plaintiff contends that the trial court "abused its discretion by providing equitable relief to defendants." Having reviewed these arguments, along with the record and the law, we reject them and affirm.

We review a grant or denial of summary judgment de novo, "applying the same standard used by the trial court." Samolyk v. Berthe, 251 N.J. 73, 78 (2022). That standard requires us to "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)). "Summary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). We do not defer to the trial court's legal analysis or statutory interpretation. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018); Perez v. Zagami, LLC, 218 N.J. 202, 209 (2014).

A-2661-21

A.    The OPMA.

The Legislature passed the OPMA with the goal of ensuring the public access to meetings of public bodies.  N.J.S.A. 10:4-7.  In that regard, the Legislature declared:

> [T]he right of the public to be present at all meetings of public bodies, and to witness in full detail all phases of deliberation, policy formulation, and decision making of public bodies, is vital to the enhancement and proper functioning of the democratic process; . . . [it is] the public policy of this State to insure the right of its citizens to have adequate advance notice of and the right to attend all meetings of public bodies at which any business affecting the public is discussed or acted upon in any way . . . .
>
> [Ibid.]

The OPMA establishes requirements for publication of an annual schedule of regular meetings, N.J.S.A. 10:4-18; notice of meetings, N.J.S.A. 10:4-9; and the keeping and public release of minutes, N.J.S.A. 10:4-14.  While narrow exceptions exist where "the public interest" or "the personal privacy or guaranteed rights of individuals" would be imperiled, the OPMA is otherwise to be "liberally construed" to advance openness and transparency.  N.J.S.A. 10:4-7, -21; see also Kean Fed'n of Tchrs. v. Morell, 233 N.J. 566, 571 (2018).

When a public body violates the OPMA, several sanctions are available, including the invalidation of any actions taken at a non-compliant meeting, the

A-2661-21

issuance of prospective injunctions, and the assessment of monetary penalties for knowing violations. N.J.S.A. 10:4-15 to -17; see also McGovern v. Rutgers, 211 N.J. 94, 112 (2012). "Any person, including a member of the public, may apply to the Superior Court for injunctive orders or other remedies to ensure compliance with the provisions" of the OPMA and "the court shall issue such orders and provide such remedies as shall be necessary to ensure compliance." N.J.S.A. 10:4-16.

Courts, however, have conditioned injunctive relief on a showing of "a pattern of non-compliance." McGovern, 211 N.J. at 112 (quoting Burnett v. Gloucester Cnty. Bd. of Chosen Freeholders, 409 N.J. Super. 219, 246 (App. Div. 2009)). In Burnett, we explained that injunctive relief under the OPMA may be appropriate if "a pattern of non-compliance has been demonstrated." 409 N.J. Super. at 246. In other words, one non-compliant notice or failure to timely issue minutes will not necessarily warrant an injunction under N.J.S.A. 10:4-16.

B. Plaintiff's Claims.

1. Count One.

In count one of his complaint, plaintiff alleged that defendants violated N.J.S.A. 10:4-18 by not timely publishing the lists of annual Committee meetings for 2020 and 2021. N.J.S.A. 10:4-18 provides:

> At least once each year, within [seven] days following the annual organization or reorganization meeting of a public body, or if there be no such organization or reorganization meeting in the year, then by not later than January 10 of such year, every public body shall . . . mail to the newspapers described in [N.J.S.A. 10:4-8(d)] . . . for the purpose of public inspection a schedule of the regular meetings of the public body to be held during the succeeding year. Such schedule shall contain the location of each meeting to the extent it is known, and the time and date of each meeting.

Plaintiff argues that defendants failed to comply with that notice requirement in 2020 because the annual reorganization meeting was held on January 1, 2020, the Clerk mailed the notice on February 7, 2020, and the schedule of meetings was published in a newspaper on February 21, 2020. Concerning 2021, plaintiff contends that while the annual reorganization meeting was held on January 1, 2021, and the Clerk mailed the resolution listing the dates for meetings on January 4, 2021, the newspaper did not publish the resolution until January 14, 2021.

First, we address a statutory interpretation question. Plaintiff argues that the public body is responsible for sending the notice and ensuring that it is published within seven days. We reject that argument as inconsistent with the plain language of the OPMA. The provision governing the notice for annual meetings requires public bodies to "mail to the newspapers . . . a schedule of the

A-2661-21

regular meetings of the public body to be held during the succeeding year." N.J.S.A. 10:4-18. In short, the public body's obligation is to mail the list to newspapers for publication. Provided that the public body does not direct the newspaper to unduly delay the publication of the list, the body is not responsible for a short delay in the actual publication of the list of meetings. Thus, there was no violation in 2021.

Regarding 2020, plaintiff argues that defendants violated the seven-day requirement in 2020 because the reorganization meeting that year was held on January 1, but the list was not mailed to the newspaper until February 7, 2020. That delay was a violation of N.J.S.A. 10:4-18. Nevertheless, a one-time violation does not warrant injunctive relief because plaintiff has not established a pattern and practice of non-compliance. See McGovern, 211 N.J. at 112; Burnett, 409 N.J. Super. at 246.

In making his arguments concerning the timeliness of meeting notifications, plaintiff asks us to adopt a rule requiring advanced notice of at least forty-eight hours before a public meeting will be held, with public bodies having "actual or readily ascertainable" knowledge that notice cannot be published timely considered non-compliant. As part of that position, plaintiff cites Worts v. Mayor & Council, 176 N.J. Super. 78 (Ch. Div. 1980). Worts,

11

however, addressed a notice provision in N.J.S.A. 10:4-8(d), not the notice provision in N.J.S.A. 10:4-18, which governs the publication of a list of the annual meetings. Id. at 80. Moreover, Worts involved a public body sending a meeting notice to four newspapers for publication knowing or being able to easily determine that three of the four newspapers could not publish the notice more than forty-eight hours ahead of the meeting due to their publication schedules. Id. at 81-82. Here, there is no evidence suggesting that defendants knew or should have known that the newspapers would unduly delay the publication of the annual meetings list.

Finally, we address an issue that plaintiff raised only in his reply brief. Plaintiff asserts there was an additional violation because the notices were not published in two newspapers. N.J.S.A. 10:4-8(d)(2) requires that notice of meetings be "mailed, telephoned, telegrammed, or hand delivered to at least two newspapers which newspapers shall be designated by the public body to receive such notices because they have the greatest likelihood of informing the public within the area of jurisdiction of the public body of such meetings." Plaintiff did not raise this issue before the trial court, and we decline to consider this issue because it was first raised in his reply brief. See Fuhrman v. Mailander, 466 N.J. Super. 572, 599 (App. Div. 2021). Indeed, we hesitate to consider the

12

issue of whether there was a need for publication in two newspapers for the first time without a fully developed record. There may be areas in this State where two newspapers no longer operate or provide coverage. Moreover, since the adoption of the OPMA, there are now other methods of providing public notice, including websites maintained by public bodies. Consequently, we believe the two-newspaper publication issue is not appropriate for consideration on this record.

2.    Count Two.

In count two of his complaint, plaintiff contended that defendants failed to make meeting minutes "promptly available" as required by the OPMA. N.J.S.A. 10:4-14 directs that "[e]ach public body shall keep reasonably comprehensible minutes of all its meetings" and that the minutes "shall be promptly available to the public to the extent that making such matters public shall not be inconsistent with [N.J.S.A. 10:4-12]." The OPMA does not define "promptly available." Kean, 233 N.J. at 573-74 (citing N.J.S.A. 10:4-8 (setting forth definitions for the OPMA, but not defining "promptly available")). The New Jersey Supreme Court has, therefore, used a "fact-sensitive, case-by-case approach" in evaluating the timeliness of the publication of minutes of meetings. Id. at 592. The Court has explained "that the release of minutes must be

considered a priority, an obligation, and not a nuisance to be addressed when convenient." Ibid. Nevertheless, the Court has refused to adopt a hard-and-fast deadline, and instead has directed that minutes should be prepared within a reasonable time and "should be released within days of their approval, unless truly extraordinary circumstances prevent their availability." Id. at 592-93.

Plaintiff complains that defendants waited four or more weeks to post minutes of meetings online. Defendants respond that meeting minutes were available to the public online after approval by the Committee or by request to the Clerk. Significantly, plaintiff presented no evidence that defendants engaged in a pattern and practice of delaying the availability of minute meetings. He presented evidence that the minutes for the June 23, 2021, meeting were posted thirty-five days after the meeting. One event, however, does not establish a pattern and practice. Moreover, defendants point out that in 2021, the transition back to in-person meetings from virtual and hybrid meetings was a unique event that disrupted their normal practices. Therefore, plaintiff again failed to show that he was entitled to injunctive relief.

3. Count Three.

In count three, plaintiff alleged that defendants failed to post agendas for Committee meetings forty-eight hours before the meetings. As an example, he

14

cites to the posting of the agenda for the July 14, 2021, meeting. That agenda was posted on the day of the meeting at 12:46 p.m., less than seven hours before the 7:30 p.m. meeting. He conducted a metadata analysis that showed the agenda had been prepared on July 8, 2021, and no changes had been made thereafter. Thus, he argues that the six-day delay in posting the agenda was inexcusable and a violation of N.J.S.A. 10:4-9.

N.J.S.A. 10:4-9 states "no public body shall hold a meeting unless adequate notice thereof has been provided to the public." "Adequate notice" is defined as "written advance notice of at least [forty-eight] hours, giving the time, date, location and to the extent known, the agenda" of the meeting. N.J.S.A. 10:4-8(d). The notice should be submitted to "at least two newspapers." Ibid. The statute also provides, however, "[w]here annual notice or revisions thereof in compliance with [N.J.S.A. 10:4-18] set forth the location of any meeting, no further notice shall be required for such meeting." Ibid. In addition to conventional printed notice, the public body "may provide electronic notice," which is "advance notice available to the public via electronic transmission of at least [forty-eight] hours, giving the time, date, location and, to the extent known, the agenda" of any covered meeting. N.J.S.A. 10:4-9.1.

The New Jersey Supreme Court has clarified that "'notice of at least [forty-eight] hours' in compliance with N.J.S.A. [10:4-8(d)] is required only in those situations where the public body has failed to provide annual notice that sets forth the location of the meeting and is otherwise in compliance" with the OPMA. Witt v. Gloucester Cnty. Bd. of Chosen Freeholders, 94 N.J. 422, 432 (1983) (quoting N.J.S.A. 10:4-8(d)). In that regard, the Court has explained "[p]ublication of an agenda . . . is required only in those instances where no annual notice has been provided in accordance with N.J.S.A. 10:4-18." Id. at 433.

As we have already discussed, defendants published their lists of annual meetings for 2020 and 2021. The list for 2021 included a meeting for July 14, 2021, to be held at the Township's municipal building. Accordingly, defendants did not need to post an agenda for the July 14, 2021, meeting and their posting of an agenda on the day of the meeting did not violate the OPMA. Therefore, defendants were entitled to summary judgment on count three.

4.    Count Four.

Finally, plaintiff contended that defendants failed to revise the 2021 annual meeting list to disclose that the Committee would no longer provide

16                                                                          A-2661-21

remote access to meetings starting on July 14, 2021. Here again, plaintiff alleged that failure violated N.J.S.A. 10:4-18.

N.J.S.A. 10:4-18 provides, in relevant part, that "[i]n the event that [the annual] schedule is thereafter revised, the public body, within [seven] days following such revision, shall post, mail and submit such revision" in the same manner as the initial notice. Relevant to public meetings conducted during the COVID-19 pandemic, N.J.A.C. 5:39-1.5(e) (2020) provided more specific direction:

> If the local public body expects to conduct remote public meetings for a series of regularly scheduled meetings advertised in its annual notice, the annual notice shall be revised at least seven days prior to the next regularly scheduled meeting, indicating which meeting(s) will be held as a remote public meeting and shall contain clear and concise instructions for access[].

The revised notice was required to be published in accordance with N.J.S.A. 10:4-18, as well as posted on the public body's website. Ibid. If a revision was not timely made, additional notice requirements applied. See N.J.A.C. 5:39-1.5(f) (2020).

The 2020 and 2021 annual notices of Committee meetings stated that Committee meetings would take place at the municipal building. They did not indicate that the meetings would be conducted remotely. Defendants began

conducting Committee meetings remotely in March 2020 and continued that practice through the first half of 2021. Defendants provided notice of those remote meetings by posting agendas before the meetings and giving instructions on how to access the meetings remotely. Plaintiff does not complain about the notice of when meetings would be conducted remotely. Instead, his contention involves the cessation of remote meetings and the return to in-person meetings.

The record reflects that no clear notice of the end of remote meetings was given. Instead, defendants rely on the fact that their annual notice for 2021 identified that all meetings, including the July 14, 2021, meeting, would take place at the municipal building, and the July 14, 2021, meeting and subsequent meetings were conducted at the municipal building. While it would have been a better practice for defendants to have provided clearer notice, even viewing the facts in the light most favorable to plaintiff, the lack of a notice concerning the end of remote access to meetings does not demonstrate a pattern or practice warranting declaratory or injunctive relief under the OPMA. Accordingly, we discern no error in the trial court's decision to grant summary judgment on count four as well.

C.    Plaintiff's Equitable Relief Argument.

In challenging the order granting summary judgment to defendants, plaintiff argues that the trial court improperly accorded defendants equitable relief.  The trial court did not accord defendants equitable relief.  Instead, the trial court analyzed and rejected plaintiff's contentions because they were not supported by evidence, and the undisputed material facts established that defendants were entitled to summary judgment.

D.    Conclusion.

In summary, a review of the record establishes that plaintiff did not submit evidence demonstrating a pattern or practice of violations of the OPMA. Therefore, defendants were entitled to summary judgment dismissing plaintiff's complaint.  That said, plaintiff did point out instances where defendants failed to exercise good practices concerning timely notice of changes in how meetings would be conducted and in posting agendas and minutes of meetings. Defendants should, therefore, be mindful of the Court's admonition that compliance with the OPMA should be viewed as an important obligation and that release of minutes "must be considered a priority, an obligation, and not a nuisance to be addressed when convenient."  Kean, 233 N.J. at 592.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

19    A-2661-21